IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TOOTOO SAVAIINAEA, JR.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:12-cr-038<br><br>Judge Clark Waddoups |

## **INTRODUCTION**

On January 30, 2014, Mr. Savaiinaea pled guilty to possession with intent to distribute five grams or more of methamphetamine. Statement in Advance of Plea, ¶ 1 (ECF No. 54). He also pled guilty to possession of a firearm in furtherance of his "drug distribution to protect [his] drugs and proceeds from the sale of drugs." *Id.* ¶¶ 1, 11. These counts were based on a negotiated agreement, whereby Mr. Savaiinaea agreed to a 144-month term of imprisonment in exchange for dismissal of more serious charges. *Id.* ¶ 12(B)(1)–(2). The court sentenced Mr. Savaiinaea on April 29, 2014 in accordance with the parties' agreement. Judgment (ECF No. 64). Mr. Savaiinaea now moves *pro se* to reduce his sentence pursuant to Amendment 782. For the reasons stated below, the court concludes it lacks jurisdiction and dismisses Mr. Savaiinaea's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

"On April 17, 2012, agents of the Weber Morgan Narcotics Strike Force" stopped Mr. Savaiinaea for a traffic violation. Presentence Rpt., at 4 (ECF No. 62). Agents had probable cause to believe Mr. Savaiinaea had methamphetamine and possibly weapons in his vehicle at the time of the stop. *Id.* During a search, agents found three bags containing methamphetamine that totaled 95.3 grams of actual methamphetamine. *Id.* at 5. Agents also found three handguns. One of the handguns was loaded and another handgun was listed as stolen by the National Crime Information Center. *Id.* Agents further found "an Izhmash 410 semi-automatic shot gun, . . . made to resemble an assault rifle, and a high capacity magazine loaded with .45 caliber rounds with one round chambered." *Id.* at 4. Additionally, agents "found a scale, ammunition, magazines, and . . . U.S. currency." *Id.*

After being released from custody, Mr. Savaiinaea was arrested on a federal warrant on June 20, 2012. At that time, he again was found in possession of a handgun, "with a high capacity magazine loaded with 24, 9 mm rounds with no ammunition in the chamber." *Id.* at 5. He also had a small quantity of Oxycodone 30 milligram pills in his possession. *Id.*

In a Superseding Indictment, Mr. Savaiinaea was charged with two counts of a felon in possession of a firearm; one count of possession with intent to distribute more than 50 grams of methamphetamine; and one count of possession of a firearm in furtherance of a drug trafficking crime. Superseding Indictment, at 1–2 (ECF No. 4). As charged, Mr. Savaiinaea was subject to a ten-year mandatory minimum based on the quantity of drugs at issue, and a five-year mandatory minimum, to run consecutively, for use of a firearm in furtherance of drug trafficking. At a minimum, Mr. Savaiinaea faced mandatory imprisonment for 180 months.

The parties, however, entered into a Rule 11(c)(1)(C) agreement wherein they agreed Mr. Savaiinaea should be sentenced to 144-months imprisonment. Statement in Advance of Plea, ¶12(B)(2) (ECF No. 54). To accomplish this objective, the government filed a Felony Information that had two counts. One count was for possession with intent to distribute more than five grams of methamphetamine, which carried a five-year mandatory minimum. Felony Info., at 1 (ECF No. 53). The other count was for possession of a firearm in furtherance of drug trafficking. *Id.* at 2.

Under the 2013 edition of the Sentencing Guidelines, for Count One, Mr. Savaiinaea had a Base Offense Level of 32, which was reduced to level 29 due to his acceptance of responsibility. U.S.S.G. § 2D1.1(c)(4) (2013), Presentence Rpt., at 6–7 (ECF No. 62). With a category III criminal history, the guideline range was 108 to 135 months. U.S.S.G. § 5A (2013). Count Two mandated an additional 60-months imprisonment, 18 U.S.C. § 924(c)(1)(A)(i), for a combined guideline range of 168 to 195 months.

The court reviewed the presentence report and all factors under 18 U.S.C. § 3553(a). It concluded the proposed 11(c)(1)(C) agreement was appropriate and imposed a 144-month term of imprisonment. Judgment, at 1–2 (ECF No. 64). Because Count Two mandated a 60-month sentence, Mr. Savaiinaea's sentence for Count One necessarily was 84 months, for the combined total of 144 months.

Following sentencing, the 2014 edition of the Sentencing Guidelines contained modifications pursuant to Amendment 782. Such modifications were made retroactive to reduce most drug offense levels by two points. Amendment 782 applies to this case and reduced Mr. Savaiinaea's Base Offense Level to 30, which level was further reduced to 27 due to Mr. Savaiinaea's acceptance of responsibility. U.S.S.G. § 2D1.1(c)(5). The guideline range at level

27 is 87 to 108 months. U.S.S.G. § 5A. The mandatory five-year minimum for Count Two, however, was unaffected by Amendment 782. Thus, the combined amended guideline range is 147 to 168 months.

Because Amendment 782 applies here, Mr. Savaiinaea requests that his sentence on Count One be reduced to the five-year mandatory minimum. Mot. to Reduce Sentence, at 2 (ECF No. 72). This would equate to a 120-month term when combined with Count Two. Under the parties' agreement, Mr. Savaiinaea's 144-month term was 24 months below the original guideline range in exchange for his guilty plea. Under his 120-month proposal, the sentence would be 27 months below the amended guideline range.

Mr. Savaiinaea contends a 120-month sentence is appropriate because his post-sentence rehabilitation should be taken into consideration. Reply Memo., at 2–3 (ECF No. 76). Since Mr. Savaiinaea has been in prison, he has completed his GED and multiple other courses. *See* Plan & Certificates (ECF Nos. 76-1, 76-2). He also has been moved to a low security level and is at a working camp, thereby demonstrating he is not a danger to the community. Reply Memo., at 2–3.

The government opposes a further reduction on the ground that the court lacks jurisdiction to reduce Mr. Savaiinaea's sentence below the guideline range. Opp'n Memo., at 5–7 (ECF No. 74). The government further opposes the reduction based on the substantial benefits Mr. Savaiinaea received in avoiding a 180-month mandatory term of imprisonment. *Id.* at 10–11. Finally, the government contends the nature of Mr. Savaiinaea's crime was serious both in terms of the amount of methamphetamine and the weapons he possessed. *Id.* at 11–12. Thus, his

sentence would otherwise remain the same. For the reasons stated below, the court concludes the government's first ground is dispositive.

## **ANALYSIS**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quotations, citation, and alteration omitted). An exception to the general rule exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . and made retroactive." *Id.* (quotations and citations omitted). In such cases, however, a court has authority to "'reduce the term of imprisonment'" only "'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Dillon*, 560 U.S. at 824–25 (quoting 18 U.S.C. § 3582(c)). "The policy statement that governs § 3582(c)(2) motions is § 1B1.10" of the Sentencing Guidelines. *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016).

Section 1B1.10(b)(2)(A) of the Sentencing Guidelines states that a "court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." Mr. Savaiinaea cites to *Dillon* for a contrary proposition. In *Dillon*, the United States Supreme Court referred to an exception that allowed a sentence to be "less than the minimum of the amended guideline range" if "the sentencing court originally imposed a term of imprisonment below the Guideline range." *Dillon*, 560 U.S. at 827 (citing U.S.S.G. § 1B1.10(b)(2)(B) (2009)). *Dillon* was issued in 2010 and relied on an earlier version of the Sentencing Guidelines. Effective November 1, 2011, the Sentencing Commission "narrowed this

5

exception," such that now a sentence may be modified to fall "below the amended Guidelines range only if a defendant's original sentence fell below the then-applicable Guidelines range because" the defendant provided substantial assistance to the government. *Kurtz*, 819 F.3d at 1234 (citations omitted).

In this case, Mr. Savaiinaea accepted responsibility for his actions, but he did not provide substantial assistance to the government. His sentence therefore cannot be reduced below the amended guideline range. The amended guideline range for Count One is 87 to 108 months. Mr. Savaiinaea was sentenced to 84 months for Count One, which is below the amended guideline range. The mandatory five-year minimum for Count Two was unaffected by Amendment 782. Accordingly, the combined amended guideline range is now 147 to 168 months. Mr. Savaiinaea was sentenced to 144 months, which also falls below the amended guideline range. The court therefore lacks authority to lower his sentence further.

In his reply brief, Mr. Savaiinaea makes an additional argument. He notes that he pled guilty to possessing 5 grams of actual methamphetamine. Reply Memo., at 1 (ECF No. 76). He asserts his guideline range should be based on that quantity of drugs and not the 95.3 grams of actual methamphetamine he possessed. *Id.* While it is true that Mr. Savaiinaea was convicted of possessing 5 grams and not 95.3 grams of methamphetamine, the Sentencing Guidelines require the court to take into account relevant conduct when calculating the guideline range. *See* U.S.S.G. § 1B1.3(a)(2).

> Application of this provision does not require the defendant, in fact, *to have been convicted* of multiple counts. For example, where the defendant engaged in three drug sales of 10, 15, and 20 grams of cocaine, as part of the same course of conduct or common scheme or plan, subsection (a)(2) provides that the total quantity of cocaine involved (45 grams) is to be used to determine the offense level *even*

>*if the defendant is convicted of a single count charging only one of the sales*.

U.S.S.G. § 1B1.3(a)(2), cmt. 5(A) (emphasis added). The court calculated the guideline range based on the policies stated in the Sentencing Guidelines, and then sentenced Mr. Savaiinaea below the applicable guideline in accordance with the parties' plea agreement.

Finally, Mr. Savaiinaea contends his "post-rehabilitation efforts . . . to better himself while incarcerated" should be taken into consideration. Reply Brief, at 2 (ECF No. 76). Because the court lacks authority to lower Mr. Savaiinaea's sentence, the court does not address the merits of that argument. The court does believe, however, Mr. Savaiinaea's efforts should be commended. His accomplishments are significant and recognized by the court as being indicative that he no longer poses the same danger to society. While such recognition palls in the face of the denial of Mr. Savaiinaea's motion, the court nevertheless does commend Mr. Savaiinaea for his rehabilitative accomplishments.

## CONCLUSION

For the reasons stated above, the court hereby DISMISSES Mr. Savaiinaea's motion to modify or reduce his sentence due to a lack of jurisdiction (ECF No. 72).

SO ORDERED this 13th day of July, 2020.

BY THE COURT:

Clark Waddoups
United States District Court

7